**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARIA GEORGINA C.T.,**

                Plaintiff,              1:19-cv-467
                                                            (GLS)

        v.

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                Defendant.
_____

## SUMMARY ORDER

      Plaintiff *pro se* Maria Georgina C.T. challenges the Commissioner of Social Security's denial of Social Security Disability Insurance (DIB) and Supplemental Security Income (SSI), and seeks judicial review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  Pending is the Commissioner's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  (Dkt. No. 17.)  For the reasons that follow, the Commissioner's motion is granted, and Maria Georgina's complaint is dismissed.

      Maria Georgina commenced this action on April 22, 2019.  (Compl.)  Along with the complaint, she filed a motion for leave to proceed *in forma pauperis*, which was granted by the court.  (Dkt. Nos. 3, 7.)  Thereafter, in compliance with General Order 18, the Commissioner filed the

Administrative Record.  (Dkt. No. 11.)  Maria Georgina's brief was to be filed on September 12, 2019.  (*Id.*)  Maria Georgina failed to comply with this deadline, and the court *sua sponte* provided her an extension to October 28, 2019, and then again to November 18, 2019.  (Dkt. Nos. 14, 15.)  Maria Georgina was warned that her failure to file a brief could result in the Commissioner successfully moving to dismiss for failure to prosecute.  (Dkt. No. 15.)  Nevertheless, she failed to comply with the court's orders.  (Dkt. No. 16.)

The Commissioner moved to dismiss for failure to prosecute on December 2, 2019.  (Dkt. No. 17.)  Maria Georgina's response to the motion was to be filed by February 18, 2020.  (Dkt. No. 21.)  However, despite the court's grant of her request for an extension of time, (Dkt. Nos. 22, 23), Maria Georgina has yet to file a response.

The Federal Rules of Civil Procedure permit dismissal of an action upon the motion of a defendant "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b).  "[D]ismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal quotation marks and citation omitted).  To

determine whether dismissal for failure to prosecute is appropriate, the court must consider the five factors—none of which are dispositive—articulated in *Drake*: whether: (1) "plaintiff's failure to prosecute caused a delay of significant duration"; (2) "plaintiff was given notice that further delay would result in dismissal"; (3) "defendant [would] likely . . . be prejudiced by further delay"; (4) "the need to alleviate court calendar congestion" outweighs "plaintiff's right to an opportunity for a day in court"; and (5) lesser sanctions would be insufficient. *Id.* (citations omitted). Additionally, under this court's Local Rules, "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

As noted above, Maria Georgina not only failed to file an initial brief; she failed to file a response to the pending motion as well. And her failure to respond in opposition to the pending motion is not without significance. Under this court's Local Rules, a party's failure to respond to a properly filed motion can constitute consent to the granting of that motion, so long as the court determines that the moving party has demonstrated its entitlement to relief. *See* N.D.N.Y. L.R. 7.1(b)(3); *Herring v. Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting

3

that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious'" (citation omitted)).

Maria Georgina has failed to file an initial brief in this case despite two deadline extensions, and the latest deadline having expired approximately seven months ago.  (Dkt. Nos. 14-16.)  Further, Maria Georgina has failed to respond to the Commissioner's facially meritorious motion to dismiss for failure to prosecute, which was filed more than six months ago, and, thus, she has effectively consented to the granting of the motion.  *See* N.D.N.Y. L.R. 7.1(b)(3).  In any event, because Maria Georgina has failed to file an initial brief or a response to the pending motion despite repeated deadline extensions, (Dkt. Nos. 14-15, 21, 23), and despite an express warning that her failure to do so could result in the dismissal of her case, (Dkt. No. 15), the relevant factors weigh in the Commissioner's favor.  *See Drake*, 375 F.3d at 254.  Accordingly, the Commissioner's motion to dismiss for failure to prosecute is granted, and Maria Georgina's complaint is dismissed.

Accordingly, it is hereby

**ORDERED** that the Commissioner's motion to dismiss (Dkt. No. 17)

is **GRANTED**; and it is further

    **ORDERED** that Maria Georgina's complaint (Dkt. No. 1) is

**DISMISSED**; and it is further

    **ORDERED** that the Clerk close this case; and it is further

    **ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

June 16, 2020  
Albany, New York

*/s/ Gary L. Sharpe*  
Gary L. Sharpe  
U.S. District Judge